UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:23-cr-14030-CANNON/MAYNARD
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853



FILED BY ___ D.C.
JUL 13 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA

vs.

KEYON LEWIS,

       Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about November 5, 2021, in Indian River County, in the Southern District of Florida, the defendant,

**KEYON LEWIS,**

did knowingly distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and that death resulted to "D.C." from the use of such fentanyl.

## COUNT 2
**Possession with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

On or about November 7, 2021, in Indian River County, in the Southern District of Florida, the defendant,

### KEYON LEWIS,

did knowingly possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2. Upon conviction of any violation of Title 21, United States Code, Section 841(a)(1), as alleged in this Indictment, the defendant, **KEYON LEWIS,** shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

CASE NO.: 2:23-cr-14030-CANNON/MAYNARD

v.

KEYON LEWIS,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami      ☐ Key West    ☒ FTP
☐ FTL        ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __6__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)
   I    ☐ 0 to 5 days        ☐ Petty
   II   ☒ 6 to 10 days       ☐ Minor
   III  ☐ 11 to 20 days      ☐ Misdemeanor
   IV   ☐ 21 to 60 days      ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
MICHAEL PORTER
Assistant United States Attorney
FL Bar No.    0031149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KEYON LEWIS

**Case No**: 2:23-cr-14030-CANNON/MAYNARD

Count #: 1

Distribution of a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

* **Max/Mandatory Min Term of Imprisonment**: If death resulted from the use of the controlled substance the defendant distributed he faces a mandatory minimum term of 20 years' imprisonment, and statutory maximum term of life imprisonment; if death did not result from the use of the controlled substance the defendant distributed he faces a statutory maximum term of 20 years' imprisonment
* **Max. Supervised Release**: Life
* **Max. Fine**: $1,000,000/$100 Special Assessment

Count #: 2

Possession w/Intent to Distribute a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

* **Max. Term of Imprisonment**: 20 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: Life
* **Max. Fine**: $1,000,000/$100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.