UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14030-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

KEYON LEWIS,

 Defendant.
_____/

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

  COMES NOW Defendant, Mr. Keyon Lewis, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, and respectfully requests that these instructions be given at trial in this matter, in addition to those standard instructions given by this Honorable Court in criminal trials. Mr. Lewis further requests that he be allowed to submit such additional instructions as become appropriate based upon the trial testimony in this case, and that he be informed prior to closing arguments which instructions the Court will accept.

## **PROPOSED JURY INSTRUCTIONS(S):**

## **Count One**

## **Distribution of a Controlled Substance When Death Results**
## **21 U.S.C. § 841(a)(1)[1]**

The defendant is charged in Count One of the Indictment with the crime of distributing fentanyl resulting in death. Fentanyl is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  First, the defendant knowingly [or intentionally] distributed fentanyl;

(B)  Second, the defendant knew at the time of distribution that the substance was a controlled substance;

(C)  Third, that D.C. would not have died but for the use of that same fentanyl distributed by the defendant;

(D)  Fourth, the defendant was part of the distribution chain that placed the fentanyl into the hands of D.C.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant did not have to know how much fentanyl he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

But-for-causation meant that without using the controlled substance distributed by the defendant, D.C. would not have died. The government need not prove that death was foreseeable to the defendant.

---

[1] See Sixth Circuit Pattern Jury Instruction 14.02B

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## **Count Two**

Mr. Lewis respectfully requests that this Court give the Eleventh Circuit Pattern Criminal Jury Instructions O98 at trial in this matter.

> Respectfully submitted,
>
> MICHAEL CARUSO
> FEDERAL PUBLIC DEFENDER
>
> By:  *s/Kafahni Nkrumah*
> Kafahni Nkrumah
> Assistant Federal Public Defender
> Special Bar ID #A5502967
> 109 North Second Street
> Fort Pierce, Florida 34950
> Tel: 772-489-2123
> E-Mail: Kafahni_Nkrumah@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Kafahni Nkrumah*
Kafahni Nkrumah