FILED BY ___ YMR ___ D.C.

FEB 20 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   23-14030-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA**

**v.**

**KEYON LEWIS,**

**Defendant.**
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Keyon Lewis (hereinafter referred to as the "Defendant" or "Lewis"), together with his counsel, admit that the United States can prove the allegations contained in Count One of the Indictment, which charges the Defendant with distribution of a mixture and substance containing a detectable amount of fentanyl, the use of which resulted in the death of "D.C.", in violation of Title 21, United States Code, Section 841(a)(1)(C).

The Defendant also stipulates that the following recitation of facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case, and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

On November 7, 2021, at approximately 12:50 a.m., "J.S." arrived at her home in Indian River County, Florida, which is located within the Southern District of Florida, and found her husband, D.C., dead from an apparent overdose. D.C. was 35 years old when he died. J.S. found D.C. slumped over in the kitchen. J.S. immediately called 911 and stated that her husband was

1

on the floor and appeared to be dead.  J.S. described D.C. as purple and cold, and advised the dispatcher D.C. had a drug problem.

At approximately, 1:30 a.m., Indian River County Sheriff's Office ("IRCSO") Detective Brandon Dean arrived at the scene.  D.C. had been pronounced dead by the time Detective Dean arrived at the scene.  Detective Dean observed a light brown powdery substance in a plastic baggie, syringe, and spoon on the kitchen counter near D.C.'s body, which was still present at the scene.  The light brown powdery substance tested positive for, among other things, fentanyl.  The substance was tested by the Indian River Crime Laboratory.  Toxicology reports revealed that D.C.'s blood contained, among other things, ethanol and fentanyl.  Detective Dean also located a cellphone on the kitchen counter near the fentanyl and drug paraphernalia.

J.S. explained to Detective Dean that she last saw D.C. on November 5, 2021, before she left to spend the weekend in Plantation, Florida with a friend.  J.S. stated that D.C. had been drinking before she left "but not bad."  J.S. did not speak with D.C. on November 6, 2021, although she called him several times during the day.  J.S. left Plantation to come home on November 6, 2021, because she had a bad feeling something was wrong with D.C.  J.S. advised that D.C. struggled with drug addiction.  J.S. explained that D.C. had overdosed in the past and tried to hide his drug use from her.  J.S. identified the cellphone on the kitchen counter as D.C.'s, and provided D.C.'s phone number (606 584-4144) and passcode.  J.S. also gave law enforcement consent to search D.C.'s cellphone.

As Detective Dean was searching D.C.'s cellphone, he located a text message exchange between D.C. and a person saved as "Greg Barber," which appeared to be drug related.  The text message exchange ended with a text from "Greg Barber" on November 5, 2021, at 8:51 p.m.,

2

saying "Come out."    D.C. and "Greg Barber" also had several phone conversations on November 5, 2021.

J.S. advised Detective Dean that she recognized the phone number associated with "Greg Barber," and explained that D.C. frequently changed the names of the contacts saved in his phone to hide them from her.   J.S. informed Detective Dean that the phone number associated with "Greg Barber" was the phone number for D.C.'s drug dealer.

Later in the evening, on November 7, 2021, Detective Dean, IRCSO Detective Dylan Farinacci, IRCSO Sergeant Greg Stanley, and IRCSO Sergeant Ryan Eggers returned to J.S.'s residence.

At approximately 9:30 p.m., Detective Dean texted "Greg Barber" from D.C.'s cellphone and ordered drugs.   The following is a summary of the text message exchange:

| | |
|---|---|
| Detective Dean: | Yoo |
| "Greg Barber": | Yoo |
| Detective Dean: | Can u come thru |
| "Greg Barber": | Yea |
| Detective Dean: | 100 how long? |
| "Greg Barber": | You still owe me 20 |

Detective Dean then called "Greg Barber" from D.C.'s cellphone, during which Detective Dean listened to "Greg Barber" speak and verified he was a male.   Shortly thereafter, the following text message exchange took place between Detective Dean and "Greg Barber":

| | |
|---|---|
| Detective Dean: | Call me back |
| Detective Dean: | Can u hear me? |
| Detective Dean: | My phone fucked up |

| | |
|---|---|
| "Greg Barber": | You owe 20 |
| "Greg Barber": | I can come now |
| Detective Dean: | I got u on 120 |
| "Greg Barber": | Ok |
| "Greg Barber": | You gone be outside |
| Detective Dean: | Ya let me know when ur here |
| "Greg Barber": | I'm here |

At approximately 10:13 p.m., immediately after "Greg Barber" sent the last text message indicating he had arrived, a black Chevrolet pickup truck turned onto D.C.'s street and stopped directly in front of D.C's driveway.[1]  At approximately 10:14 p.m., Detective Dean received a call on D.C.'s phone from "Greg Barber."  Immediately thereafter, the Chevrolet pickup truck attempted to turn around and exit D.C.'s neighborhood.  Detective Dean and the other officers then initiated a vehicle stop of the Chevrolet pickup truck.  Law enforcement did not observe any other vehicles travelling on D.C.'s street between 8:50 p.m. and 10:15 p.m.

The vehicle was driven by Lewis' girlfriend, Monet Wright ("Wright").  Lewis was sitting in the front passenger's seat.  At approximately 10:17 p.m., Detective Dean approached the passenger's side of the vehicle, and engaged in a brief conversation with Lewis.  During his conversation with Lewis, Detective Dean recognized Lewis's voice as the man he had just spoken with using D.C.'s cellphone, and observed a cellphone in Lewis' hand.

---

[1] D.C. lived in a residential neighborhood in the West Vero Corridor area of Indian River County. There is only one way in and one way out of the neighborhood.

At approximately 10:20 p.m., Lewis was directed to exit the vehicle.  Lewis had a cellphone in his hand when he exited the vehicle.  Lewis' cellphone was placed on top of the pickup truck.

As soon as Lewis exited the vehicle, Sergeant Stanley observed two clear plastic baggies on the ground next to where Lewis' feet were when he exited the vehicle.  Each baggie contained a light brown powdery substance.  The light brown powdery substance tested positive for, among other things, fentanyl.  The substance was tested by the Indian River Crime Laboratory.  The color and packaging of the substance was consistent with the color and packaging of the fentanyl that was found next to D.C.'s body.  At this point, Lewis was arrested for possession with intent to sell or deliver fentanyl.  Incident to his arrest, law enforcement seized Lewis' cellphone.

At approximately, 10:22 p.m., Detective Farinacci advised Lewis of his Miranda rights. Lewis acknowledged that he understood his Miranda rights, and agreed to speak with Detective Farinacci.  Lewis confirmed the cellphone he had in his hand when he exited the vehicle was his.

At approximately, 10:29 p.m., Detective Dean again called the number for "Greg Barber" from D.C.'s cellphone, at which point the cellphone Lewis had in his hand when he exited the vehicle displayed an incoming TextNow alert.[2]

On November 17, 2021, Detective Dean interviewed Phillip Due ("Due").  Due was one of D.C.'s coworkers and his contact information was stored in D.C.'s cellphone.  Due stated that he was with D.C. from about 8:00 p.m. until 9:00 p.m. on November 5, 2021.  Due advised that

---

[2] TextNow is an online messaging application that allows users to text and call any number in the United States.  TextNow provides the user with a unique phone number that can be used on any smartphone, tablet, or desktop computer with an internet connection.  The phone number provided by TextNow is different than the phone number assigned by the service provider associated with the cellphone.

he arrived at D.C.'s residence at about 8:00 p.m. to hang out, at which point D.C. requested that they go to Applebee's to have dinner.  Due drove D.C. to the Applebee's on 20th Street in Vero Beach.  Due stated that he and D.C. ate at the bar, and that shortly before they left D.C. got up and walked outside for a few minutes, and then came back inside to pay the bill.  Due then drove D.C. home and dropped him off a little after 9:00 p.m.

Detective Dean obtained surveillance footage from the Applebee's.  The surveillance footage shows Due and D.C. walking into the Applebee's at 8:23 p.m.  D.C. is wearing the same clothes he was wearing when he was found dead inside his residence.  The surveillance footage also shows Due and D.C. sitting at the bar talking, until about 8:43 p.m., at which point D.C. takes his cellphone out and appears to send a text message.  The text message exchange between D.C. and "Greg Barber" on November 5, 2021, started at 8:43 p.m.  At 8:51 p.m., the surveillance footage shows D.C. get up and walk outside to the parking lot, which was right after "Greg Barber" texted him to "Come out."  As D.C. walked out of the frame of the surveillance camera, a black Chevrolet pickup truck can be seen entering the Applebee's parking lot.  The surveillance footage shows D.C. walking back inside the Applebee's at 8:54 p.m.  Due and D.C. both left the Applebee's at 9:00 p.m., which is also captured on the surveillance footage.

Detective Dean ultimately obtained a search warrant for Lewis' cellphone, and law enforcement was able to extract some information from the device, including several incriminating text message exchanges between Lewis and D.C.  The text message exchange between Lewis and D.C. from November 5, 2021, and the text message exchange between Lewis and Detective Dean (posing as D.C.) from November 7, 2021, were located on Lewis' cellphone.

On January 30, 2022, the Chief Medical Examiner for Indian River County, Patricia A. Aronica, M.D., issued a report opining that D.C. died from "fentanyl and ethanol intoxication."

6

Had this case proceeded to trial, Dr. Aronica would have testified that but for the presence of the fentanyl that was detected in D.C.'s system, D.C. would not have died, and that the amount of ethanol detected in D.C.'s blood was not enough to kill him but for the presence of the fentanyl.

Had this case proceeded to trial, Stacey L. Hail, MD, FACMT, an expert witness in the fields of medical toxicology and emergency medicine, would also have testified that but for the ingestion of fentanyl by D.C., and the acute intoxication that ensued, D.C. would not have died. Additionally, Dr. Hail would have testified that fentanyl was an independently sufficient cause of D.C.'s death.

Lewis stipulates that on November 5, 2021, he distributed a mixture and substance containing a detectable amount of fentanyl to D.C., and that D.C. died as a result of using the fentanyl Lewis distributed.

The defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 1:**    **Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C):**

    (1)    The Defendant knowingly distributed a mixture or substance containing a detectable amount of fentanyl;

    (2)    The Defendant knew he was distributing a controlled substance; and

    (3)    D.C. would not have died but for his use of the fentanyl the defendant distributed.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/20/24

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

Date: 2/16/24

_____
KEYON LEWIS
DEFENDANT

Date: 2/16/24

_____
KAFAHNI NKRUMAH
ATTORNEY FOR DEFENDANT

8